IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CHARLES ALFORD, | : | CIV. NO. 23-1821 (RMB) |
| | : | |
| Petitioner | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| SAMUEL J. PLUMERI, | : | |
| | : | |
| Respondent | : | |
| _____ | | |

**IT APPEARING THAT:**

1. On or about March 20, 2023, Petitioner Charles Alford, a prisoner confined in South Woods State Prison in Bridgeton, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention based on an allegedly unlawful parole warrant. (Pet., Docket No. 1.) Petitioner acknowledged he had not exhausted state court challenges to his parole warrant. (*Id.* ¶ 7b.) *See Stokes v. New Jersey Dep't of Corr.*, No. CV 20-2906 (NLH), 2021 WL 1904707, at *3 (D.N.J. May 12, 2021) ("Prisoners in New Jersey may appeal the revocation of parole to the New Jersey Appellate Division. N.J. Ct. R. 2:2-3(a)(2)"); 28 U.S.C. § 2254 (person in state custody pursuant to a judgment of a state court must exhaust available remedies in state courts prior to filing federal habeas petition).

2. On November 8, 2023, Petitioner submitted a letter to this Court, requesting to withdraw his habeas petition because he had been released from prison on November 3, 2023.

3. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able

to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).

4. The petition no longer presents a live case or controversy. Therefore, the Court will dismiss this matter as moot.

An accompanying Order follows.

DATE: **November 17, 2023**

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                Chief United States District Judge